Matter of Dzielski v New York State Dept. of Corr. & Community Supervision (2021 NY Slip Op 03884)





Matter of Dzielski v New York State Dept. of Corr. & Community Supervision


2021 NY Slip Op 03884


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

530052
[*1]In the Matter of the Claim of Kevin Dzielski, Appellant,
v
New York State Department of Corrections and Community Supervision, Respondents. Workers' Compensation Board, Respondent.

Calendar Date:September 11, 2020

Before:Lynch, J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ.

Connors & Ferris, LLP, Rochester (Gregory R. Connors of counsel), for appellant.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed January 15, 2019, which, among other things, determined the amount of counsel fees due to claimant's counsel.
Claimant, a correction officer, established work-related injuries to his right shoulder and left wrist, as well as a consequential right carpel tunnel syndrome injury. Following various surgeries, claimant filed a notice regarding a possible award for a permanent injury and was evaluated for levels of permanent impairment caused by the injuries. Claimant's physician and the independent medical examiner for the employer's workers' compensation carrier offered differing opinions as to claimant's schedule loss of use (hereinafter SLU) of the injured areas. Claimant and the carrier were unable to reach a settlement and, therefore, were directed to submit medical deposition transcripts and memoranda. In the memorandum of law submitted on behalf of claimant, the law firm representing claimant requested $52,000 in counsel fees. Thereafter, in a reserved decision, the Workers' Compensation Law Judge (hereinafter WCLJ), primarily crediting the medical opinion submitted by the carrier, ruled that claimant sustained a 50% SLU of the right arm, a 20% SLU of his right hand and a 20% SLU of the left hand. In addition, the WCLJ found that the law firm's failure to submit an OC-400.1 fee application form — which the WCLJ noted should have been submitted at the time the memorandum was filed — was the equivalent of submitting a defective form. As such, the WCLJ awarded $1,000 in counsel fees pursuant to the maximum fee allowable by regulation without submission of a fee application.
Upon administrative appeal, the law firm again requested $52,000 in counsel fees or, in the event the WCLJ's decision regarding the SLU awards was affirmed, the law firm requested a fee of $30,000 pursuant to the OC-400.1 as enclosed with the application for review by the Workers' Compensation Board. The Board affirmed the WCLJ's decision, including the award of $1,000 in counsel fees based upon the law firm's failure to file an OC-400.1 fee application. Claimant appeals, with the sole issue upon appeal challenging the propriety of the amount of counsel fees awarded.[FN1]
The record indicates that the law firm enclosed an
OC-400.1 fee application with its application for Board review. As the Board's decision indicates that the law firm failed to file such form, it appears that the Board was unaware of the enclosed documentation. Accordingly, we deem it appropriate to remit the matter for the Board to determine whether the OC-400.1 fee application filed subsequent to the WCLJ's decision warrants consideration and modification of the counsel fees awarded.
Lynch, J.P., Clark and Pritzker, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as affirmed the award of counsel fees; matter remitted to the Workers' Compensation Board for further proceedings not [*2]inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: As the only issue on appeal pertains to the amount of counsel fees awarded, the notice of appeal — which was filed in claimant's name — should have been filed on behalf of the law firm (see Matter of Clark v New York City Dept. of Human Resources Admin., 117 AD3d 1360, 1361 n [2014]; Matter of Banton v. New York City Dept. of Corr., 112 AD3d 1195, 1196 n [2013]). We will, nevertheless, disregard this error in the absence of any demonstration of prejudice (see CPLR 2001; Matter of Clark v New York City Dept. of Human Resources Admin., 117 AD3d at 1361).